THE TRUSTEES FOR THE SUPPORT OF PUBLIC SCHOOLS

*v.*

SALLIE J. SHOTWELL et al.

A mortgage on lands in the city of Rahway, assigned to the trustees for the support of public schools, is prior in lien to assessments for improvements on the premises afterwards imposed by the city, although the assignment was never recorded.

On bill to foreclose.

*Mr. W. Y. Johnson*, for the complainants.

*Mr. Garret Berry*, for the defendant city of Rahway.

BIRD, V. C.

The bill and the proof show that the complainants' mortgage was given in May, 1858, and in August of that year assigned to the complainants, who have held it ever since. The property

NOTE.—In *Clement* v. *Bartlett, 6 Stew. Eq. 43*, the statute requiring mortgages to be registered, in order to preserve their priority, was held to apply to a mortgage to the state trustees for the support of public schools.

That such trustees are entitled to the same rights as the State, *State* v. *Shelton, 47 Conn. 400;* and likewise sinking fund commissioners, *Lowry* v. *Thompson, 25 S. C. 416.*

The State does not lose its right to priority in payment by taking a mortgage for its debt, *Lenoir* v. *Winn, 1 Desaus. 65;* and it may take a chattel mortgage, *McGee* v. *Smith, 9 U. C. C. P. 89.*

That the State's claim is subject to prior encumbrances on the premises by its debtor, see *Casberd* v. *Ward, 6 Price 411, Dan. 238; Fector* v. *Philpott, 12 Price 197;* but see *Broughton* v. *Davis, 1 Price 216; King* v. *Smith, Wightw. 34.*

As to the jurisdiction and proceedings in foreclosure between the sovereign and subject in such cases, *Hodge* v. *Attorney-General, 3 Y. & C. Exch. 342; Hancock* v. *Attorney-General, 33 L. J. Ch. 661; Anonymous, 4 Irish Eq. 701; Prescott* v. *Tyler, 1 Jur. 470, 2 Jur. 870; Bartlett* v. *Rees, L. R. (12 Eq.) 395; Dunn* v. *Attorney-General, 10 Grant Ch. 482; Smith* v. *Gatewood, 3 S. C. 333; Annely* v. *De Saussure, 12 S. C. 48;* and in the administration of a decedent's assets, *Sagitary* v. *Hyde, 1 Vern. 455; Rogers* v. *Maule, 1 Y. & C. C. C. 4; Orem* v. *Wrightson, 51 Md. 34; Leland* v. *Kingsbury, 24 Pick. 315.*

Trustees of Public Schools v. Shotwell.

embraced in the mortgage lies within the limits of the city of Rahway. In the year 1870 the city imposed an assessment for the city improvements and afterwards other assessments, none of which have been paid. The city claims that these assessments are prior liens to the complainants' mortgage, by virtue of the act of the legislature giving to such assessments the favor of a first lien in all cases. And the insistment is, that under the circumstances of this case this is so, notwithstanding the case of *Trustees of Public Schools* v. *City of Trenton, 3 Stew. Eq. 667,* which declares that the property of the state is not subject to the provisions of the act upon which the city of Rahway now relies. The circumstance which it is thought so qualifies the case now to be decided is, that the complainants never had the assignment by which they hold their mortgage recorded. Because of this omission it is insisted that the city was misled, to their prejudice, and that the State is estopped.

Under the common law, I very much doubt if the State would have been in any peril of losing the benefit of the high prerogative accorded to it in the case cited by holding undisclosed their mortgage by an assignment. We have, however, a statute re-

---

A voluntary conveyance of a felon's property, before his arrest, is void as against the crown, *Pauncefoot* v. *Blunt, 3 Co. 82; Buckley* v. *Stapleton, 9 L. J. Ch. 263; Saunders* v. *Warton, 32 L. J. Ch. 224;* or, on the eve of his trial, *Jones* v. *Ashurst, Skin. 357; Shaw* v. *Bran, 1 Stark. 254; Morewood* v. *Wilkes, 6 C. & P. 144; State* v. *Fife, 2 Bail. 337;* see *Rex* v. *Bridger, 1 M. & W. 145; Sagitary* v. *Hide, 2 Vern. 44; Mainprice* v. *Pearson, 25 W. R 768.*

But the crown is bound by such conveyances, if they are *bona fide, Duke of Bedford* v. *Coke, 2 Ves. Sr. 116; Perkins* v. *Bradley, 1 Hare 219; Whitaker* v. *Wisbey, 12 C. B. 44; Chowne* v. *Baylis, 31 Beav. 351; State* v. *Munds, 7 Oreg. 80.*

And they are valid between the parties thereto, *Tantum* v. *Miller, 3 Stock. 551; Barnett* v. *Blake, 2 Dr. & Sm. 117;* but not where the accused grantor was afterwards acquitted on the ground of insanity, *Manning* v. *Gill, L. R. (13 Eq.) 485.*

As to the statutory priority of the State over similar conveyances by felons, see *Lawson* v. *Johnson, 5 Ark. 168; Morgan* v. *Collier, 13 Ga. 493; Hitchcock* v. *Roney, 17 Ill. 231; McKnight* v. *Spain, 13 Mo. 534; Irvin* v. *State, 6 Lea 588; Neale* v. *Utz, 75 Va. 480;* and at common law, *State* v. *Burkeholder ( W. Va.), 5 S. E. Rep. 439;* see *Bowlsby* v. *Tompkins, 18 Hun 219.*

See *Trustees of Public Schools* v. *Trenton, 3 Stew. Eq. 675, note;* also, *Stewart* v. *State, 4 Blackf. 171; Martin* v. *State, 24 Tex. 61; Van Kleek* v. *O'Hanlon, 1 Zab. 590; Hines* v. *State, 26 Ga. 614;* see further, *16 Alb. L. J. 298.*—Rep.

·specting the assignments of mortgages and authorizing the record-
ing of such assignments, passed in 1853. Has this enactment so
far changed the rule of common law as to subordinate the com-
plainants' mortgage to these assessments? I think the only
penalty to be visited upon the party not complying with the act
is fixed by the act. The first section (*Rev. p. 708 § 32*) de-
clares that such assignee "shall be bound by the proceedings and
sale in any foreclosure suit against any previous holder." The
third section provides "that any payment made to the assignor
in good faith and without actual notice of such assignment, and
any release of said mortgaged premises or any part thereof to a
person not having actual notice of such assignment, shall be as
valid as if said mortgage had not been assigned."

I do not find anything in the Registry acts which will justify
me in regarding this case as outside of the one above cited. In
my judgment, the complainants' mortgage is entitled to priority
in payment.